# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

JEREL HANDY,
*on behalf of CKaron Handy*

    Plaintiff

v.

HOUTZDALE PRISON, et al.,

    Defendants

CIVIL No. 3:19-cv-0201

(Judge Mariani)

## MEMORANDUM

I. **Background**

Plaintiff, Jerel Handy, filed the above captioned civil rights action, pursuant to 42 U.S.C. §1983, on behalf of his brother, Ckaron, an inmate confined in the State Correctional Institution, Houtzdale, ("SCI-Houtzdale"), Pennsylvania. (Doc. 1). The named Defendants are the following employees of SCI-Houtzdale: Superintendent Barry Smith; Captain Shea; Nurse Ken Dodson; Lt. Porta and Supervisor Kim Waideich. Id.

The complaint states the following:

> My brother Ckaron Handy was raped and sexually assaulted and he reported the crime to medical staff Lt. Porta and RN Ken Dodson. My brother was refused a medical rape evaluation by the medical staff, Dodson and Lt. Porta. My family has also spoken to Kim Waideich, Supervisor of Medical Staff, also Superintendent Barry Smith. They refuse to send my brother to the hospital for a medical rape evaluation.

Id. For relief, the Plaintiff "pray[s] that [his] brother gets care he needs and protection", as well as "medical attention from a hospital" and "be moved out of Houtzdale Prison." Id.

## II. Discussion

Venue for actions brought under §1983 is governed by 28 U.S.C. §1391(b). Section 1391(b) provides that venue is proper in: (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Since the incidents complained of emanate from Clearfield County, and the Defendants are located in this county, which is located in the Western District of Pennsylvania, venue is more appropriate in the Western District, not in this one; and the action should be dismissed or transferred.

When venue is improper, as in this case, a court may transfer the case to the district court "in which it could have been brought." 28 U.S.C. Section 1406(a). In the interest of justice, therefore, this case will be transferred to the Western District of Pennsylvania. An appropriate order shall issue.

Robert D. Mariani
United States District Judge